No. 721

First Circuit

——

HOPPE v. STEWART STAGE LINES, INC.

——

(March 3, 1931.  Opinion and Decree.)

——

John B. Fournet, of Jennings, attorney for plaintiff, appellant.

Cline, Plauche & Girod, of Lake Charles, attorneys for defendant, appellee.

ELLIOTT, J.  Fred Hoppe, the plaintiff, driving a motortruck on the highway between Welsh and Jennings during the month of February, 1928, was struck by a

motor omnibus belonging to and while being driven by an employee of Stewart Stage Lines, Inc., and was badly injured as a result of the collision. He claims of Stewart Stage Lines, Inc., defendant, the sum of $15,100 on said account.

The plaintiff alleges that the collision and his resulting injuries were due entirely to the fault and neglect of the driver of defendant's omnibus.

The defendant denies the fault and neglect alleged against it by the plaintiff, and alleges that the collision and plaintiff's injuries came about entirely as the result of the neglect and fault of the plaintiff himself in turning to the left across the highway without giving the proper signal of his intention to do so.

The case was tried before a jury. The jury rendered a verdict on the facts only, finding unanimously in favor of the defendant on every question which it was called on to decide. The court acting on the facts as found by the jury, rendered judgment in favor of the defendant, rejecting plaintiff's demand.

The plaintiff has appealed.

The evidence shows that plaintiff was badly injured as a result of the collision. He endured great pain. His suffering was prolonged for a long time, his injuries are to some extent permanent, and he has been put to heavy expense; but, unless it was due to defendant's fault or neglect, the plaintiff cannot recover from it on account of same.

The truck belonging to and being driven by plaintiff was loaded with fence posts seven feet in length loaded on the truck crosswise. The number being carried does not appear. The body of the truck was only six feet wide, and that fact tends to support the idea that the ends of the posts stuck out a little beyond the side of the truck. Plaintiff contends, however, that his vision to the rear by means of a mirror in front of him, with which his truck was equipped, was not obstructed, and that his mirror disclosed defendant's omnibus to his view as it came up behind him. Defendant contends, however, that the posts stuck out beyond the side of the truck, and that the load was piled so high that the driver of the omnibus, immediately behind the plaintiff, could only see his hat. Plaintiff alleges and testifies that he timely stuck out his hand giving the usual and customary sign, before he started to turn to his left across the road, and that defendant's driver saw, or should have seen it and checked his speed and not tried to pass him while he was turning in the road. Defendant denies that plaintiff gave any such signal, and its driver testifies that no signal was given. That if plaintiff's hand was extended out as claimed, it was concealed from defendant's driver and not seen, because of the load of posts in front of which plaintiff was seated.

Plaintiff further alleges and testifies that, even if defendant's driver did not see the signal which he made, he saw him turning to the left across the road in ample time to have checked his speed, even stopped and avoided striking him, but that the excessive and reckless speed at which defendant's driver was driving made it impossible to check his speed so as to avoid hitting him. The evidence is conflicting on every important question of fact in the case.

The plaintiff testifies on every point that the fault and neglect in the matter were due to the driver of defendant's omnibus, and that he himself was not at fault nor in any way neglectful. That the driver

of defendant's omnibus was not looking ahead with due attention, else he would have seen the sign which the plaintiff made and could have taken heed, and there would have been no collision, if defendant's driver had used proper care.

But on every question the plaintiff is contradicted by the driver of defendant's omnibus, who testifies that he was not at fault; and that plaintiff himself was the party at fault.

As for defendant checking its speed or stopping after seeing the danger created by plaintiff's turn across the road in front of him, defendant's driver testifies that plaintiff was driving slowly and did not make any sign that he was about to turn across the road; at least, none that could be seen. That desiring to get ahead, he undertook to pass to the left of the truck. That for the purpose of passing he sped up his omnibus, and that plaintiff did not turn to the left until he was so close to him that it was impossible to either pass in front of or behind him, or to stop, and therefore the collision was inevitable, due to the fault of the plaintiff in turning across the road without making a sign, or one that could be seen from the omnibus, indicating that he was about to do so.

The driver of the bus testifies that he had no reason to believe or suppose that plaintiff would turn to the left across the road at that place because there was no road that led to the bridge; that the bridge only gave access to a field, and that defendant's driver had no reason for believing that plaintiff intended to turn into the field at the time he speeded up to pass him in the road.

Defendant's driver is corroborated more or less as to these matters by a couple of passengers in the bus, and we do not find it possible to say that the jury was in error in finding in favor of the defendant, nor that the court was in error in rendering judgment based on the verdict of the jury and rejecting plaintiff's demand.

For these reasons the judgment appealed from is affirmed.

Judgment affirmed. Plaintiff-appellant to pay the cost in both courts.